**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
**UNITED STATES OF AMERICA**               )
                                          )
         v.                               )          **Cr. No. 08-360 (RCL)**
                                          )
**PAUL ALVIN SLOUGH,**                     )
**EVAN SHAWN LIBERTY, and**                )
**DUSTIN LAURENT HEARD,**                  )
                                          )
         **Defendants.**                   )
_____)
                                          )
**UNITED STATES OF AMERICA**               )
                                          )
         v.                               )          **Cr. No. 14-107 (RCL)**
                                          )
**NICHOLAS SLATTEN,**                      )
                                          )
         **Defendant.**                    )
_____)

**GOVERNMENT'S SUPPLEMENT TO MOTION TO EXCLUDE**
**OUT-OF-COURT LEGAL OPINIONS REGARDING**
**APPLICABILITY OF MEJA TO PRIVATE  SECURITY CONTRATORS IN IRAQ**

        In response to questions posed by the Court at the motions hearing on May 29, 2014, the

government supplements its Motion to Exclude Out-of-Court Legal Opinions Regarding

Applicability of MEJA to Private Security Contractors in Iraq (the "Motion") [Dkt. Nos. 201 and

445].

        1.      At the motions hearing, the Court inquired as to the government's position on the

defendants' proposed admissibility of certain out-of-court statements pursuant to Federal Rule of

Evidence 803(8)—that is, the public records exception to the hearsay rule.  In particular, defense

counsel directed the Court to a letter, dated December 7, 2007, by Deputy Secretary of Defense

Gordon England to then Senator Barack Obama (the "England Letter"), as an example of the type of "public record" the defendants will seek to introduce at trial.  <u>See</u> Att. A (USAO_009044-009059).   The England letter postdates the September 16, 2007 shooting at issue in this case, and in response to "Q2" of four "Private Security Contractor Accountability Questions" posed by then Senator Obama, responds:

> "Your letter referenced the recent incidents in Iraq involving Blackwater USA private security contractors under contract with the Department of State.  **I am informed** that these private security contractors were not engaged in employment supporting the DoD mission overseas and, therefore, are not subject to Federal criminal prosecution under the Military Extraterritorial Jurisdiction Act.

<u>Id.</u> at 3 (USAO_009046) (emphasis added).   Significantly, there is no indication within the England Letter itself that the basis for then Deputy Secretary of Defense England's "I am informed" statement regarding the applicability of MEJA was based on a factual investigation or on anyone's expertise.

2.   Similarly, in a letter to Representative David Price, dated December 14, 2007, then Deputy Secretary of Defense England repeats, without reference to any factual investigation, that "**I am informed** that the Blackwater USA private security contractors working under a Department of State contract were not engaged in employment that was in support of the DoD mission."  <u>See</u> Att. B (USAO_009041-009043) at 2.  Tellingly, then Deputy Secretary of Defense England goes on to state: "**Questions about the Department of Justice's exercise of MEJA jurisdiction should be addressed to that Department**," <u>id.</u> at 3 (emphasis added).

3.    Although the Supreme Court has generally endorsed a "broad approach" to

admissibility of investigative reports under FRE 803(8), two foundational limitations do exist: "First, the requirement that reports contain factual findings bars the admission of statements not based on factual investigation.  Second, the trustworthiness provision requires the court to make a determination as to whether the report, or any portion thereof, is sufficiently trustworthy to be admitted."  Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 168 (1988); see also Huthnance v. District of Columbia, 793 F.Supp.2d 183, 210 (D.D.C. 2011) (admitting District's Office of Police Complaints' report because it made "factual findings resulting from **an investigation** made pursuant to authority granted by law") (emphasis added).

4.      Here, the England letters themselves do not indicate that the Department of Defense conducted a factual investigation, from which then Deputy Secretary of Defense England, or the unnamed persons who "informed" him, could render the opinion that the defendants were not engaged in employment relating to supporting the DoD mission overseas. Rather, the letters simply indicate that he was "informed" by an unidentified source of that.  In addition, under these circumstances, the defense should not be permitted to use the England letters to convey the opinions of unidentified individuals as to one of the ultimate issues in the case – the applicability of MEJA jurisdiction to the defendants' crimes.  The defendants have not noticed any of these unnamed individuals – let alone Mr. England – as  experts on the statutory construction of MEJA and its application to the facts of this case pursuant to Rule 16(b)(1)(C), Fed. R. Crim. P.  Nor have they established the requisite foundation for the admissibility of this "ultimate issue" testimony under Federal Rules of Evidence 701, 702, 703, or 704.  See Fed. R. Evid. 704 Commentary ("The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions.  Under Rules 701 and 702, opinions must be helpful to the trier of fact, and

Rule 403 provides for exclusion of evidence which wastes time.  These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day").

5.      Moreover, for all of the reasons previously articulated in the government's prior filings, similar out-of-court statements that amount to conclusory legal opinions by members of Congress, the Executive Branch, or other affiliated with the U.S. Government concerning the applicability of the MEJA to the defendants in this case should not be permitted.  See, e.g., Defs' Exh. List, select pages (Att. C), Exhs. 603, 608, 614-624, 626-632, 640-644, 652-657.

6.      Finally, per the Court's request, the government has attached a proposed order for its consideration in ruling on the Motion.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. Bar Number 447889

By:    _____/s/_____
T. Patrick Martin
Assistant United States Attorney
D.C. Bar Number 471965
Thomas.Martin@usdoj.gov

4

_____/s/_____
Anthony Asuncion
Assistant United States Attorney
D.C. Bar Number 420822
Anthnoy.Asuncion@usdoj.gov


_____/s/_____
Christopher Kavanaugh
Assistant United States Attorney
VA Bar Number 73093
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
Christopher.Kavanaugh@usdoj.gov