**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Cr. No. 08-360 (RCL) |
| PAUL ALVIN SLOUGH, EVAN SHAWN LIBERTY, and DUSTIN LAURENT HEARD, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Cr. No. 14-107 (RCL) |
| NICHOLAS SLATTEN, | ) ) ) | |
| Defendant. | ) ) | |

**GOVERNMENT'S MOTION IN LIMINE TO ADMIT PRIOR RECORDED
RECOLLECTION UNDER FED. R. EVID. 803(5)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Motion in Limine, requesting that the Court permit witness Jassim Mohammad Hashim to read his statement into evidence as a prior recorded recollection under Fed. R. Evid. 803(5).

**I.    Background.**

The government plans to call Hashim as a witness. On September 16, 2007, he worked as a mail carrier for the Iraq Ministry of Interior and was delivering mail in Nisur Square at approximately noon that day. Hashim was shot in the head and suffered a significant brain injury.

On June 15, 2009, Hashim wrote a statement detailing his experience in Nisur Square on September 16, 2007. See Att. A (Statement of Witness Jassim Mohammad Hashim). Since writing that statement, Hashim has undergone brain surgery related to the injury that he suffered in Nisur Square. As a result of his traumatic injury and the ensuing surgery, Hashim has experienced some memory loss and has difficulty recalling certain details of the shooting – particularly what happened after he was shot. His memory regarding those details, however, was intact at the time he gave his statement. Because of his work commitment with the Iraqi government that requires him to return to Iraq Tuesday, July 1, the government plans to call Hashim to the stand no later than Monday, June 30.

## II. Hashim's statement should be admitted as a prior recorded recollection.

The government seeks to admit Hashim's June 15, 2009 statement as a prior recorded recollection under Fed. R. Evid. 803(5). Rule 803(5) provides as follows:

> (A) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately; (B) was made or adopted by the witness when the matter was fresh in the witness's memory; and (C) accurately reflects the witness's knowledge.

Fed. R. Evid. 803(5). A recorded recollection that meets the requirements may be read into evidence by the witness. Id.

First, Hashim's statement falls within this exception to the hearsay rule because the statement he gave on June 15, 2009, concerned his own personal experience from Nisur Square on September 16, 2007. As indicated by his testimony at the *Kastigar* hearing, Hashim was at Nisur Square that day delivering mail and, before he was shot in the head, he saw and heard gunfire, bullets flying in the square, and people rushing to get out of the way. See Att. B (Kastigar Trans.) at 25. At the same hearing, Hashim testified that his testimony regarding the shooting is based on his own personal recollection of the events. See Att. B (Kastigar Trans.) at

28 (Hashim said, "I saw these things, I heard these things myself.  Not from any other source."); See United States v. Cash, 394 F.3d 560 (7th Cir. 2005) (witness was properly allowed to read a report of defendant's statements to her into evidence after foundation was laid showing, in part, that the defendant had made the statements directly to her during their telephone conversations).

      Additionally, Hashim will testify that his memory was intact at the time the statement was given but that since then he has experienced some memory loss and has difficulty recalling certain details.  The effects of the passage of time, in addition to his traumatic brain injury, prevent him from testifying fully and accurately without the aid of his prior recorded recollection.  It has been five years since Hashim wrote the statement, and he will testify that some of the details that once were fresh in his mind have escaped him.  See United States v. Senak, 527 F.2d 129 (7th Cir. 1975) (when witness related part of a conversation and could not remember the rest, there was sufficient predicate for at least partial admission of prior statement); see also United States v. Picciandra, 788 F.2d 39 (1st Cir. 1986) (DEA agent's report was admissible because significant time had elapsed between the time the report was made and trial, and agent had forgotten contents of report).

      Second, Hashim wrote the statement when the matter was still fresh in his memory.  On June 15, 2009, 22 months after the event in question, Hashim wrote, reviewed, and signed the statement detailing his memories from Nisur Square.  See Att. A (Statement of Jassim Mohammad Hashim) at 2; see also United States v. Williams, 571 F.2d 344 (6th Cir. 1978) (the witness adopted the statement as his own after examining it, offered no changes, confirmed it to be accurate at the time, and signed and swore to it).  Hashim's statement includes details about what he saw and heard at the square and was written at a time when the events were still fresh in his mind. "Contemporaneousness is not required in determining whether an event was

sufficiently fresh to satisfy rule 803(5). United States v. Smith, 197 F.3d 225, 231 (6th Cir. 1999) (interview taken 15 months after event in question considered sufficiently "fresh"). Here, Hashim gave his statement 22 months after he witnessed the shooting at Nisur Square during which he was shot in the head. See Pickett v. United States, 822 A.2d 404 (D.C. App. 2003) (given the nature of the sexual acts committed against her, it was reasonable for the witness to retain a fresh memory after 13 months). The Advisory Committee's notes to Rule 803(5) state that "no attempt is made in the exception to spell out the method of establishing the initial knowledge or the contemporaneity and accuracy of the record, leaving them to be dealt with as the circumstances of the particular case might indicate." United States v. Patterson, 678 F.2d 774, 779 (9th Cir. 1982) (citing U.S.C. App. Rules of Evid., p. 899 (1994)).

The government will establish at trial that Hashim does not remember certain details of the events that took place but that at the time he gave his statement he remembered those details. See Patterson, 678 F.2d at 779 (grand jury testimony taken at least 10 months after event in question considered adequately "fresh" where witness could not remember his conversation with the defendant at trial but had remembered the crucial conversation when he was before the grand jury). Although Hashim's statement was given 22 months after the event, he will testify that when he wrote the statement, the details of the event were still fresh in his mind.

Third, the statement accurately reflects Hashim's knowledge at the time the statement was given. "Rule 803(5) does not specify any particular method of establishing knowledge of the declarant nor the accuracy of the statement . . . Admissibility is to be determined on a case-by-case basis upon a consideration of factors indicating trustworthiness, or lack thereof." United States v. Porter, 986 F.2d 1014, 1017 (6th Cir. 1993) (where the witness signed and admitted to making the statement and the statement contained considerable detail which was internally

consistent, as well as consistent with other uncontroverted evidence which had already been admitted, sufficient indicia of trustworthiness were shown of the statement made by the witness to the FBI agent soon after events related in it).  Hashim will testify that at the time he made the statement, he intended it to be a truthful recollection of the events as he experienced them on September 16, 2007.  See Smith, 197 F.3d at 231 (interview taken 15 months after event considered "fresh" because witness testified that she intended to give a truthful statement to the detective); see also Patterson, 678 F.2d at 779 (grand jury testimony admitted where witness testified in court he had recalled the events in question better when he was before the grand jury and that he did not think he had lied to the grand jury).  Hashim's testimony will be consistent with his statement and will be corroborated by other admitted evidence.  Accordingly, Hashim should be permitted to read his statement into evidence as a prior recorded recollection under Fed. R. Evid. 803(5).

WHEREFORE, the Government respectfully asks the Court to grant this motion in limine.

                                                Respectfully submitted,

                                                RONALD C. MACHEN JR.
                                                UNITED STATES ATTORNEY
                                                D.C. Bar Number 447889

By:          /s/_____
      Anthony Asuncion
      Assistant United States Attorney
      D.C. Bar Number 420822
      United States Attorney's Office
      555 4th Street, N.W.
      Washington, D.C. 20530
      Anthony.Asuncion@usdoj.gov

      _____/s/_____
      T. Patrick Martin
      Assistant United States Attorney
      D.C. Bar Number 471965
      Thomas.Martin@usdoj.gov

      _____/s/_____
      Christopher Kavanaugh
      Assistant United States Attorney
      VA Bar Number 73093
      Christopher.Kavanaugh@usdoj.gov